JULIA ANNA SCHROTH, EXECUTRIX, ESTATE OF JOSEPH SCHROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3914.    Decided October 30, 1926.

VALUATION OF BANK STOCK FOR ESTATE TAX.—In valuing the stock of a bank which is closely held and of which few sales have ever occurred, consideration must be given not only to the earnings of the bank but also to the established dividend rates and the book or liquidation value of the bank's assets.

*Roy Massena, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in estate tax of the estate of Joseph Schroth, deceased, in the amount of $911.74.

The petitioner alleges that the Commissioner erred in valuing certain stock at $300 per share at the time of decedent's death, instead of $175 as valued by the estate.

FINDINGS OF FACT.

Julia Anna Schroth, residing at Blue Island, Ill., is the executrix of the estate of Joseph Schroth, deceased.

Joseph Schroth died on November 27, 1923. At the time of his death he owned 180 shares of the capital stock of the Commercial Bank of Blue Island, now known as the First National Bank of Blue Island.

The book value of the said stock on November 27, 1923, was $189 per share. The stock of this bank has always been held by very few persons, chiefly by its active officers, and there have been but few sales. In 1916 there was a sale of some of the stock at $175 per share. At that time the dividend rate was 16 per cent. The book value is not shown by the record. On or about March 5, 1918, there was a sale of 10 shares at $250 per share. On July 1, following this sale, the outstanding capital stock was $100,000 and the surplus and undivided profits were $110,311.76. The dividend rate for 1918 is not shown in the record. The rate for 1917 was 16 per cent, and the rate for 1919 was 20 per cent. The net earnings of the bank for the five years 1919 to 1923, inclusive, are in an unbroken ascending scale, and for the five years average $60,647.26. The dividend rate for 1920, 1921, and 1922, upon an outstanding capital of $100,000, was 24 per cent. In January, 1923, $100,000 of undivided profits was transferred to capital account and distributed to the then stockholders as a stock dividend. The dividend paid during 1923 upon the $200,000 of outstanding stock was 15 per cent.

At the time of the decedent's death the bank's condition was thoroughly sound, both in respect to its assets and its management. The executrix valued the decedent's stock at $175 per share. The Commissioner valued it at $300 per share.

### OPINION.

TRUSSELL: The Internal Revenue Bureau's Estate Tax Regulations No. 68, article 13, respecting the valuation of stocks and bonds, provides:

> Stock in a close corporation should be valued upon the basis of the company's net worth, earning and dividend-paying capacity, and all other factors having a bearing upon the value of the stock.

While this exact language was not contained in the Bureau regulations issued under the Revenue Act of 1921, it appears to us that this provision expresses the latest and the best judgment of the Treasury Department respecting the valuation of stocks and other securities, under conditions similar to those existing in the instant case, and we believe that this regulation is substantially fair and just. This regulation means that, in valuing stocks under the conditions prevailing in this case, consideration must be given to all of the elements mentioned and not to any one of them exclusive of the others. Boyd v. Heiner, 5 Am. Fed. Tax Rep. 6069. The Commissioner's deficiency letter indicates that he fixed the value of the decedent's stock on the basis of the earning capacity only, ignoring the dividend payments and the book value or net worth of the stock. We are therefore unable to agree with his valuation.

The figures of net worth or book value, taken alone, would produce a valuation of $189. Considering the dividend rates of 1923 of 15 per cent, it may be observed that, if a dividend rate of 8 per cent would establish a par value of stock, a dividend rate of 15 per cent would establish a value of $187.50. Referring to the sale of March 5, 1918, it will be found that at or near the time of this sale the dividend rate of 16 per cent might be taken as establishing a value for the stock of $200, while the net worth would produce a value of $210, and the purchaser paid $250. The purchaser paid an amount equivalent to 25/21 of the book value. This ratio applied to the book value of 1923 would produce a selling value of $225 per share, and we therefore have found that the decedent's 180 shares of stock in the Commercial Bank of Blue Island had a value, at the date of his death, of $225 per share.

> *Order of redetermination in accordance with*
> *the foregoing findings of fact and opinion will*
> *be entered on 15 days' notice, under Rule 50.*